**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, DAN BREJC, TOBY KOTH, and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND,** | ) ) ) ) ) |
| **and** | ) ) Case No. |
| **MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, VERN BAUMAN, and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND,** | ) ) ) ) Judge |
| **Plaintiffs,** | ) ) ) |
| **v.** | ) ) |
| **SUND MASONRY, INC. , and EARL SUND, individually,** | ) ) ) |
| **Defendants.** | ) |

<u>**COMPLAINT**</u>

Plaintiffs Mike Shales, John Bryan Sr., Al Orosz, Dan Brejc, Toby Koth, and Vern Bauman as Trustees of the Fox Valley Laborers' Health and Welfare Fund ("Welfare Fund"), and Mike Shales, John Bryan Sr., Al Orosz, Toby Koth, Vern Bauman, and Dan Brejc as Trustees of the Fox Valley Laborers' Pension Fund ("Pension Fund"), through their attorneys Dowd, Bloch & Bennett, by way of its complaint against Defendants Sund Masonry, Inc., and Earl Sund, individually, state:

```
FILED: SEPTEMBER 4, 2008
08CV5048
JUDGE GOTTSCHALL
MAGISTRATE JUDGE SCHENKIER
YM
```

1

**COUNT I**
**FAILURE OF SUND MASONRY, INC., TO PAY EMPLOYEE BENEFIT FUND
CONTRIBUTIONS, REMIT EMPLOYEE WAGE DEDUCTIONS, AND PAY
INDUSTRY FUND CONTRIBUTIONS**

1.      The Funds are multiemployer benefit plans within the meaning of Sections 3(3)

and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29

U.S.C. §§ 1002(3) and (37A).  The Trustees and the Funds maintain offices and conduct business

within this district.  The Funds are agents for the purpose of collecting employer contributions

and deductions required to be paid on behalf of The Construction and General Laborers' District

Council of Chicago and Vicinity's Work Dues Fund, the Laborers-Employers Cooperation and

Education Trust ("LECET"), and the Laborers' District Council Labor Management Cooperation

Committee ("LDC/LMCC"), the Chicago Area Independent Construction Association

("CAICA"), the Apprentice Fund, the Safety Fund and CISCO Fund, (collectively, "the

Affiliated Organizations").

2.      Defendant Sund Masonry, Inc., (hereinafter "Defendant Company"), is an Illinois

corporation registered to do business in the state.   At all relevant times, Defendant Company was

doing business within this district and was an employer within the meaning of ERISA Section

3(5), 29 U.S.C. § 1002(5) and Section 301(a) of the Labor Management  Relations Act

("LMRA"), 29 U.S.C. § 185(a).

3.      Defendant Earl Sund resides in this District and is an officer of Defendant

Company.

4.      Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1)

and (2), 29 U.S.C. §§ 1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §§

2

185(a) and (c).

5.      The Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

6.      The District Council and Defendant Company are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement") which, among other things, obligate the Defendant Company to make monthly contributions to the Funds on behalf of employees covered by the Agreement for health and welfare and pension benefits and for deductions and contributions for the Affiliated Organizations; the Agreement also requires Defendant Company to submit monthly remittance reports in which Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds and Affiliated Organizations on behalf of each covered employee.

7.      Pursuant to the Agreement, Defendant Company must also pay contributions for each hour worked by its employees to the Affiliated Organizations.  Defendant Company is required to remit contributions for the Affiliated Organizations along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages and all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

8.      Pursuant to the Agreement, Defendant Company must also pay contributions for each hour worked by its employees to the Funds.  Defendant Company is required to remit contributions for the Funds along with a remittance report.  Employers who fail to report and/or

remit contributions are liable to pay interest on the delinquent contributions, an additional 10% in liquidated damages, which increases to 20% once a lawsuit is filed, and all costs of collection, including reasonable audit expenses, attorneys' fees, and court costs.

9.      Notwithstanding its obligations under the Agreement, as revealed by a payroll audit for the period August 1, 2006 to March 31, 2008, Defendant Company has failed to report and remit contributions properly to the Funds for all employees covered by the Agreement, thereby depriving the Funds of contributions, income and information needed to administer the Funds, and jeopardizing the welfare and pension benefits of participants and beneficiaries.

10.     Despite demand duly made, Defendant Company has not paid the required contributions or other sums due or revealed in the audit, which also include dues shortages and liquidated damages related to Defendant Company's December 2007 through March 2008 contributions.

11.     Notwithstanding its obligations under the Agreement, Defendant Company has failed to report and remit contributions properly to the Funds for all employees covered by the Agreement, for the months April 2008 through the present.  Defendant Company also failed to remit timely dues and contributions to the District Council when due for the months June 2007 and December 2007 through March 2008.

12.     Despite demand duly made, Defendant Company has not paid the required dues, contributions or other sums due, which include dues shortages and liquidated damages related to Defendant Company's delinquent dues contributions for the months June 2007 and December 2007 through March 2008.

13.     All conditions precedent to requiring remittance of contributions and other sums

to the Funds and the Affiliated Organizations have been met.

14.    The Company's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

15.    Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' and Affiliated Organizations' governing trust documents, Defendant Company is liable to the Funds for unpaid contributions, interest, liquidated damages in the amount of 20%, prior liquidated damages, audit fees, and reasonable attorneys' fees and court costs incurred prior to and through the filing of this lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request judgment against Sund Masonry, Inc., as follows:

(a)    Finding that Sund Masonry, Inc., violated the Agreement;

(b)    Finding that Sund Masonry, Inc., is liable to the Funds and Affiliated Organizations for all unpaid contributions incurred prior to and after the filing of this suit plus interest, liquidated damages, audit fees, and attorneys' fees and court costs incurred prior to and through the filing of this lawsuit;

(c)    Ordering Sund Masonry, Inc., to pay to Plaintiffs all unpaid contributions incurred prior to and after the filing of this suit plus interest, liquidated damages, audit fees, and attorneys' fees and court costs incurred prior to and through the filing of this lawsuit;

(d)    Ordering Sund Masonry, Inc., to file with the Funds monthly contribution reports for the work months April 2008 to the present listing the employees, hours worked, and contributions due to each Fund and the Affiliated Organizations, and further providing all information as required by the rules of the Funds and the Affiliated Organizations;

(e)    Ordering Sund Masonry, Inc., to pay to Plaintiffs all court costs and

5

reasonable attorneys' fees incurred in filing this suit; and

(f)     Granting all such other legal and equitable relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT BY SUND MASONRY, INC., AND EARL SUND, INDIVIDUALLY

16.     Plaintiffs incorporate by reference paragraphs 1 through 15 of this Complaint, as though fully set forth herein, as paragraph 16.

17.     The District Council is an unincorporated labor organization, commonly known as a labor union, that maintains its principal offices in this District.

18.     Plaintiffs maintain offices and conduct business within this District and are authorized to collect work dues on behalf of the District Council.

19.     Defendant Company is an Illinois corporation that maintains offices and conducts business within this District.

20.     Defendant Earl Sund resides in this District and is the principal officer of Defendant Company.

21.     This Court has supplemental jurisdiction over Count II, which alleges a state law claim, pursuant to 28 U.S.C. § 1367.

22.     Venue is properly vested in this Court for Count II, pursuant to 28 U.S.C. § 1391(b).

23.     During the period April 2008 and continuing through the present, Defendant Company's employees performed work for Defendant Company and earned wages.

24.     On information and belief, each of Defendant Company's employees executed written assignments authorizing and directing Defendant Company to withhold money from their wages for

6

remittance to the District Council to satisfy union dues and fee obligations.

25.     On information and belief, since April 2008 through the present, pursuant to the wage assignments, Defendant Company deducted money from employees' wages, but failed to remit those amounts to the District Council.

26.     The Funds have demanded payment of the amounts deducted from employees' wages and withheld by Defendant Company.  Defendant Company failed to return the deducted amounts to Plaintiffs.

27.     Defendant Company's conduct violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq.

28.     At all material times and upon information and belief, Earl Sund acted directly in the interest of Defendant Company in relation to its employees.

29.     At all material times and upon information and belief, Earl Sund controlled the terms and  conditions of employment of Defendant Company's employees and exercised control over the payment of wages and the withholding of money from employees' wages.

30.     At all material times, Earl Sund controlled all disbursements made by Defendant Company, including the issuance of payroll checks and dues remittance checks.

31.     Earl Sund knowingly permitted Defendant Company to retain the wages withheld from each employee's paycheck rather than tendering such funds to the District Council.

32.     Earl Sund personally and actively conducted or participated in the actions of Defendant Company alleged above causing injury to the District Council.  Earl Sund, therefore, is an employer under the Illinois Wage Payment and Collection Act, 820 ILCS 115/13, and is personally liable for his failure to deduct money from employees' wages and then remit that money

to the District Council for payment of union dues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against Sund Masonry, Inc., and Earl Sund, individually, as follows:

    (a)    Finding that Sund Masonry, Inc., and Earl Sund, individually, violated the Illinois Wage Payment and Collection Act;

    (b)    Ordering Sund Masonry, Inc., and Earl Sund, individually, jointly and severally, to pay the District Council all amounts not properly withheld and paid to the District Council, plus late fees at a rate of 10%;

    (c)    Ordering Sund Masonry, Inc., and Earl Sund, individually, jointly and severally, to pay Plaintiffs' costs in connection with its efforts to recover the money of which the District Council was deprived, including reasonable attorneys' fees and costs pursuant to the Attorneys Fees in Wage Actions Act, 705 ILCS 225/1; and

    (d)    Granting all other such legal and equitable relief as the Court deems just and proper.

## COUNT III
## UNLAWFUL CONVERSION BY SUND MASONRY, INC., AND
## EARL SUND, INDIVIDUALLY

33.    Plaintiffs incorporate by reference paragraphs 1 through 32 of this Complaint, as though fully set forth herein, as paragraph 33.

34.    Pursuant to the wage assignments executed by Defendant Company's employees, the District Council has a right to all wages deducted from employees' wages for remittance to the District Council as union dues and fees.

35.    After Defendant Company deducted and withheld money from its employees' wages assigned by the employees to the District Council for payment of union dues and fees, the District

Council had an absolute right to immediate possession of that money.

36.     After Defendant Company withheld wages from its employees' wages assigned by the employees to the District Council for payment of union dues and fees, Defendant Company was without right or authorization to possess the withheld wages.

37.     Upon information and belief, since at least April 2008 and continuing to the present, Defendant Company deducted and withheld amounts from employees' wages for union dues and fees, but Defendant Company did not remit those amounts to the District Council in a timely manner, and Defendant Company appropriated that money for its own use and benefit; and thereby permanently deprived the District Council of its property.

38.     Plaintiffs have made demand for possession of the withheld amounts, but Defendant Company has not turned over the amounts deducted from employees' wages.

39.     Through the acts and conduct alleged above, Defendant Company wrongfully converted the District Council's property and may justly be required to pay to the District Council the full value of that property.

40.     Earl Sund personally withheld amounts from the wages of the employees or personally caused another to withhold those amounts.  After the withholding of the employees' wages assigned to the District Council as union dues and fees, the District Council has an immediate right to possession of those amounts.

41.     Earl Sund knowingly failed to remit to the District Council amounts withheld from employees' wages or personally caused another to fail to remit those amounts to the District Council following the withholding.  Sund was without right or authorization to possess the withheld amounts.

42.     Earl Sund appropriated, for his own use and benefit, amounts withheld from

employees' wages.

43.    Plaintiffs have made demand for possession of the withheld amounts, but Earl Sund

has not turned over the amounts deducted from employees' wages.

44.    Through the acts and conduct alleged above, Earl Sund, personally and individually,

wrongfully converted the District Council's property and may justly be required to pay the District

Council the full value of that property.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs respectfully request judgment against Sund Masonry, Inc., and Earl

Sund, individually, as follows:

(a)    Finding Sund Masonry, Inc., and Earl Sund, individually, wrongfully converted the District Council's property;

(b)    Ordering Sund Masonry, Inc., and Earl Sund, individually, jointly and severally, to pay the District Council all amounts Defendants failed to withhold and properly remit to the District Council, including interest;

(c)    Ordering Sund Masonry, Inc., and Earl Sund, individually, jointly and severally, to pay Plaintiffs' costs in connection with its efforts to recovery the money of which the District Council was deprived, including reasonable attorneys' fees and costs; and

(d)    Granting all other such legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

 s/Steven W. Jados
Steven W. Jados
One of Plaintiffs' Attorneys

10

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
**DOWD, BLOCH & BENNETT**
8 South Michigan Avenue, 19th Floor
Chicago, Illinois  60603
(312) 372-1361